# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

**TRACY LAVERNE BROOKS,**

   *Plaintiff*,

**v.**                                                         **Case No.  SA-22-CV-01310-JKP**

**BEXAR COUNTY HOSPITAL,**

   *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Bexar County Hospital's Motion for Summary Judgment. *ECF No. 20*. Plaintiff, Tracy Laverne Brooks did not respond. Upon consideration, the Motion for Summary Judgment is GRANTED.[1]

### Factual Background

Brooks was employed by Bexar County Hospital, doing business as University Health (Bexar County Hospital), from December 2019 to November 23, 2020. In her Complaint, Brooks, who proceeds pro se, asserts a cause of action for discrimination/harassment based upon a racial slur. Extrapolating from her deposition and a statement made in an email to her supervisor attached to the Motion for Summary Judgment, it appears Brooks intends to assert a cause of action for harassment, or hostile work environment, based upon her race in violation of Title VII.

Bexar County Hospital filed this Motion for Summary Judgment asserting it is entitled to judgment as a matter of law because Brooks cannot establish a prima facie case of harassment on the basis of race based upon the allegations in her Complaint. Bexar County Hospital's argu-

---

[1] The Court recognizes the applicability of the *McDonnell Douglass* burden shifting analysis for Title VII actions and resolves this case in favor of Bexar County Hospital because Brooks has not established a prima facie case.

ments in support of summary judgment focus upon Brooks's inability to prove the harassment affected a term, condition, or privilege of employment. To satisfy its summary judgment burden, Bexar County produces Brooks's deposition and a statement she made by email to her supervisor following a conflict with a co-worker.

**Legal Standard**

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[2] "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 247-48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by demonstrating the absence of facts supporting specific elements of the

---

[2]Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n. 16 (5th Cir. 1994).

To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014).

A court may not grant summary judgment by default should the nonmovant fail to respond. *Eversley v. MBank of Dallas,* 843 F.2d 172, 174 (5th Cir. 1988); *Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima,* 776 F.2d 1277, 1279 (5th Cir. 1985); *Bradley v. Chevron U.S.A., Inc.,* No. Civ.A. 204CV092J, 2004 WL 2847463, *1 (N.D.Tex. Dec. 10, 2004). In this event, the Court must review the summary judgment motion to determine whether the movant satisfied its summary judgment burden and thereby shifted the burden. *See Austin v. Kroger Texas, L.P.*, 864 F. 3d 326, 335 (5th Cir. 2017).

If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586-87; *see also* Fed. R. Civ. P. 56(c). Upon the shifting burden, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003); *see also Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir. 1996). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which this evidence raises a genuine dispute of material fact. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)(citing *Forsyth v. Barr,* 19

F.3d 1527, 1537 (5th Cir. 1994)). Further, should the nonmoving party fail "to address or respond to a fact raised by the moving party and supported by evidence, the court may consider the fact as undisputed" and "[s]uch undisputed facts may form the basis for a summary judgment." *Broadcast Music*, *Inc. v. Bentley*, SA-16-CV-394, 2017 WL 782932, at \*2 (W.D. Tex. Feb. 28, 2017).

In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas*, 136 F.3d at 458. In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co.*, *Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

**Discussion**

In her form-filled, pro se Amended Complaint, Brooks checked the box to indicate she asserts a cause of action for violation of "Title VII of the Civil Rights Act of 1964 (42 USC § 2000e et seq.) Employment Discrimination on the basis of race, color, sex (gender, pregnancy and sexual harassment), religion or national origin." Brooks then indicated she was harassed based upon her race by a comment made in a Spanish conversation she overheard between two coworkers. Brooks does not allege she suffered a discriminatory employment action based upon her race. Therefore, the Court liberally construes Brooks's Amended Complaint, extrapolating from her deposition and email statement, to conclude she intends to assert a cause of action for harassment, or hostile work environment, based upon her race in violation of Title VII.

A plaintiff may establish a Title VII violation based on race discrimination creating a hostile work environment. *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002). To establish this cause of action, a plaintiff must show: (1) they belong to a protected class; (2) they were subject to unwelcome harassment; (3) the harassment was based on the protected class; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action. *Id.*; *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 654 (5th Cir. 2012). To establish the fourth prong of a hostile work environment cause of action, that is to establish harassment affecting a term, condition, or privilege of employment, a plaintiff must prove the workplace is permeated with intimidation, ridicule, or insult based upon the employee's protected class that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys. Inc.,* 510 U.S. 17, 21 (1993); *Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 479 (5th Cir. 2008). "Title VII was only meant to bar conduct that is so severe and pervasive that it destroys a protected class member's opportunity to succeed in the workplace." *Weller v. Citation Oil & Gas Corp.*, 84 F.3d 191, 194 (5th Cir. 1996), *cert. denied*, 519 U.S. 1055 (1997).

Whether conduct rises to a sufficient level of abusiveness or hostility based on discriminatory intent "depends on a totality of circumstances, focusing on factors such as the frequency of the conduct, the severity of the conduct, the degree to which the conduct is physically threatening or humiliating, and the degree to which the conduct unreasonably interferes with an employee's work performance." *Long v. Eastfield College,* 88 F.3d 300, 309 (5th Cir. 1996). "Title VII, however, is not a 'general civility code.' Thus, teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and

conditions of employment." *Wantou v. Wal-Mart Stores Tex., L.L.C.*, 23 F.4th 422, 433 (5th Cir. 2022), *cert. denied*, 143 S. Ct. 745 (2023), *reh'g denied sub nom.* 143 S. Ct. 1049 (2023) (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)). Also with regard to the fourth prong, to establish the alleged conduct affected a term, condition or privilege of employment, a plaintiff may prove they were constructively discharged, which occurs when the alleged conditions or the harassment was so intolerable, the employee involuntarily resigned.[3] *Haley v. Alliance Compressor LLC*, 391 F.3d 644, 649 (5th Cir. 2004) (quoting *Jurgens v. EEOC*, 903 F.2d 386, 390 (5th Cir. 1990)).

Construing the statements made in her letter of complaint sent by email to a supervisor and in her deposition, Brooks alleges she first suffered an incident of hostile work environment based upon her race in January 2020 when she overheard a conversation in Spanish between two coworkers in which one used a racial slur, "El Nigra." Brooks contends this term could only refer to her because she was the only black female in the department. *ECF No. 16; ECF No. 20, Exh. A (deposition), p. 16 (p.108).* Brooks points to subsequent incidents of harassment, which include: (1) the use of Spanish in the work place, which she perceived as rude and inappropriate; (2) incidents in which her supervisor, Maggie Carmona, treated her harshly or spoke to her abruptly. *ECF No. 20, Exh. A (deposition), p. 17* (p.109); (3) Being singled out and treated rudely during her training by a coworker, Angela, and by only being given 2 hours and 30 minutes of training in her 90-day probationary period. *ECF No. 20, Exh. A (deposition), exh. 7 (complaint letter, 33-38)*; (4) A comment made by a co-worker, Teresa, to another co-worker, Marci, stating, Brooks did not know her "items." *Id.*; (5) In March, 2020, an unknown man walked into the de-

---

[3] Brooks does not contend specifically she was constructively discharged, but she does state she quit "when she was pushed out." The Court liberally construes this statement to mean Brooks contends her work environment was so hostile she felt compelled to quit, that is, she was constructively discharged. P. 17

partment. When Brooks asked if she could help him, he stated that he did not want help from her, he was looking for his friend Teresa. *Id*.; (6) In August, 2020, Brooks overheard a man ask "What are they going to do about Tracy?", and from this statement, Brooks concluded her co-workers wanted her out. *Id*.; (7) In August, 2020, an exchange of emails focused on her failure to break down boxes after her shift in which Brooks contends she did complete this task and she was the only employee being singled out for not completing this task.[4] *ECF No. 20, Exh. A (deposition), exh. 5 & exh. 7 (complaint letter, 33-38).*

First, review of these incidents reveals only the first incident in January 2020 to be tied to Brooks's race, and Brooks provides no connection between these incidents and her race. For this reason, the Court may only rely upon the January 2020 incident to support her cause of action for hostile work environment based upon race. The Court recognizes "'an egregious, yet isolated, incident can alter the terms, conditions, or privileges of employment and satisfy the fourth element necessary to constitute a hostile work environment.'" *See Paul v. Northrop Grumman Ship Sys.*, 309 Fed. App'x. 825, 828 (5th Cir. 2009)(quoting *Lauderdale v. Tex. Dep't of Crim. Justice,* 512 F.3d 157, 163 (5th Cir. 2007)). However, this incident, though it has a racial overtone, is insufficient to be considered so egregious to alter a term or condition of Brooks's employment. *See Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 654 (5th Cir. 2012). For this reason, Brooks cannot establish her cause of action as a matter of law, and Bexar County Hospital's Motion for Summary Judgment may be granted.

Going further by providing Brooks's Amended Complaint liberal construction, even if these alleged actions of harassment could be presumed to be tied to Brooks's race, they do not rise to the level sufficient to be actionable. Brooks does not specifically allege the collective conduct destroyed her ability to succeed in the workplace. While Brooks points to numerous in-

---

[4] Within this email chain, Brooks attached a letter complaining of the box incident and some of the others in this list.

stances in which her co-workers ostracized her and treated her harshly and with cruelty, though rude and offensive, these comments are not so severe or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile, or abusive based upon Brooks's race. Nor can the Court construe these collective comments to be so pervasive as to destroy Brooks's opportunity to succeed in the workplace. Viewing these incidents collectively, the Court concludes Brooks attempts to rely upon workplace conflict to demonstrate severe and pervasive harassment based upon her race. However, even taking all Brooks's allegations as true, such incidents of workplace conflict cannot support a cause of action for harassment based upon race as a matter of law. *See Vidrine v. Guillot*, No. 21-30203, 2022 WL 3544396 (5th Cir. Aug. 18, 2022),

Because the conduct upon which Brooks bases this cause of action was not severe or pervasive, was sporadic and relatively infrequent, was not physically threatening or humiliating, and did not unreasonably interfere with Brooks's work performance, she cannot demonstrate Bexar County Hospital created an unlawful hostile work environment based upon her race to survive this summary judgment challenge. *See Aryain*, 534 F.3d at 479.

### Conclusion

For the reasons stated, Bexar County Hospital's Motion for Summary Judgment is GRANTED. The Courts referral to Magistrate Judge Farrer is withdrawn. The Clerk of Court is directed to close this case.

It is so ORDERED.
SIGNED this 5th day of October, 2023.

Jason Pulliam

JASON  PULLIAM
UNITED STATES DISTRICT JUDGE